FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 13 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE WINSTON PALMER

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-6139 (CBA)

------------------------------------------------------------X

AMON, Chief United States District Judge:

On March 23, 2012, the Court received a letter from Winston Palmer, who is currently incarcerated at Attica Correctional Facility. In two previous letters, received December 9, 2011 and January 5, 2012, Mr. Palmer asked for the Court's assistance in resolving issues related to the conditions of his custody and procedures related to his parole hearings. In particular, Mr. Palmer stated that he suffers from a visual impairment that he believes is not sufficiently accommodated by prison officials. The Court has twice informed Mr. Palmer that the Court cannot act upon a letter and has given him instructions for filing a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. To date, Mr. Palmer has not submitted a complaint or paid the filing fee or returned the completed application to proceed *in forma pauperis* and a Prisoner Authorization Form.

Mr. Palmer's most recent letter, dated March 12, 2012, states that correctional officers at Attica have denied or limited his access to the law library. Mr. Palmer now asks for this Court's assistance in effecting a transfer to a different correctional facility.

This Court has no jurisdiction to grant Mr. Palmer the relief he seeks. It is well settled that a prisoner has no constitutional right to serve a sentence in any particular institution or to be transferred or not transferred from one facility to another. Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976). If Mr. Palmer believes that correctional officials are violating his right of access to the courts or providing inadequate conditions of confinement or infringing any other constitutional right, he may pursue these claims by filing a prisoner civil rights complaint and by either paying the filing fee or submitting

a request to proceed *in forma pauperis*.

The Court notes that a prisoner civil rights complaint must be filed in the judicial district where a substantial part of the events giving rise to the claim occurred or where any defendant resides. See 28 U.S.C. § 1391(b). Mr. Palmer is incarcerated at Attica Correctional Facility, and the conditions he complains of occurred in this facility. Attica is located in Wyoming County, which itself is located within the venue of the United States District Court for the Western District of New York. Accordingly, Mr. Palmer may pursue his claims in that court.

As this Court cannot act on letters, and as it appears to have no jurisdiction over Mr. Palmer's claims, his claims are dismissed without prejudice to filing a complaint in the appropriate court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
April 13, 2012

2